# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNATHAN L. HATHAWAY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | NO. 3:21-cv-00524 |
| STATE OF TENNESSEE, | ) ) ) | JUDGE CAMPBELL |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

On July 9, 2021, state inmate Johnathan L. Hathaway filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) He also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), asserting his inability to pay the habeas filing fee but providing no additional information. By Order entered July 19, 2021, the Court denied Petitioner's IFP application without prejudice to refiling, because it did not include the required certification of his inmate trust account balance. (Doc. No. 6 at 1 (citing Rule 3(a), Rules Gov'g § 2254 Cases).)

The Court directed the Clerk to send Petitioner a blank IFP application form and ordered Petitioner to either pay the five-dollar filing fee or file an IFP application that complies with Habeas Rule 3(a) within 30 days. (*Id.*) Shortly after this deadline expired, the Court received Petitioner's new IFP application. (Doc. No. 8.) However, because the new application demonstrated that Petitioner had sufficient financial resources to pay the five-dollar filing fee, the Court entered an Order on August 30, 2021 (Doc. No. 9) denying pauper status and requiring Petitioner to submit his payment within 30 days. The Court explicitly cautioned Petitioner that failure to comply with the Court's Order (or seek an extension of time within which to do so)

within the time frame specified, or failure to keep the Court apprised of his current address, may result in the dismissal of this action. (*Id.* at 2.)

Petitioner's deadline has now passed, and he has failed to comply with the Court's Order to pay the filing fee. Dismissal of this action is therefore proper under Federal Rule of Civil Procedure 41(b), for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "It is clear that the district court [has] the power . . . to enter a sua sponte order of dismissal" under Rule 41(b). *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr. Hearings Div.*, No. 14-14790, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit IFP application).

Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. While dismissal is warranted in view of Petitioner's fault in failing to prosecute his case, the Court finds dismissal without prejudice to be appropriate in view of Petitioner's pro se status and the general preference for disposing of cases on their merits. *See Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted,* 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)); *Smith*, 2015 WL 4620605, at *2 & n.1.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

2

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE